*43 The opinion of the Court was delivered by
O’Neall, J.
The plaintiff, as appears by the proof, failed to comply with the special contract, and of course he cannot recover upon that. The rule is stated in Bye vs. Stubbs, 1 Hill, 384, that “ when a special contract is still open the plaintiff cannot proceed upon the general counts, but must declare upon the special contract.” This being so, and the plaintiff having failed to show a performance, he cannot recover unless the special contract be in some way waived. It is supposed that was done by the alleged reference to arbitration. One of the Commissioners, Brown, did agree to refer the matter to Bice & Doyle, provided the other Commissioners would agree to it. On the way of Bice & Doyle to the bridge, Beid another of the Commissioners told them that he objected to any arbitration, — he stood he said upon the contract. This was an end of the arbitration.
The bridge it seems to me is a very unsafe structure, and the Commissioners certainly did right in refusing to accept it, and in building another. Still it may be that they would act wisely to pay the plaintiff the small sum found for him and thus end the litigation. For I understand from the argument here, that the timbers may be worth that much, and can be by the Commissioners usefully applied in other places. But that is a matter entirely within their discretion. For the plaintiff upon the facts before us has no legal claim, upon the defendants.
The motion for a new trial is granted.
Wardlaw, Withers, WhitNer, Glover, andMüNRO, JJ.,. concurred.

Motion dismissed.